STATE VS. COYLE.

CRIMINAL LAW. *Forgery of bank check for "current funds."*

1. The false making, with fraudulent intent, of an instrument in the general form of a bank check, requesting the bank to "pay W. T. C. Jr., or bearer, one fifty dollars in current funds," constitutes the crime of forgery, under sec. 1, ch. 166, R. S.
2. At the left upper corner of the check were the figures $150.00. Whether this would authorize the court to supply the words "hundred and " between "one " and "fifty " in the body of the instrument, *quære;* but the check at least calls for the payment of fifty dollars.
3. The check is apparently a valid obligation; would create a liability if genuine; and therefore had a tendency to defraud.

REPORTED from the Circuit Court for *Brown* County.

This was a criminal information. Its character, and the proceedings had at the trial in the circuit court, are sufficiently described in the following paragraphs from the opinion of Mr. Justice COLE as originally prepared:

"The information charged the defendant with feloniously uttering and publishing as true a false and forged bill of exchange for the payment of money, of the form commonly known as a bank check, with intent to injure and defraud Fred. Hurlburt and Dell Charles, the defendant knowing the bill of exchange to be false and forged. The information set out the instrument *in hæc verba,* as follows:

" 'HENRY STRONG,  $150.00.        GREEN BAY, WIS., *April 3d, 1876.*
    *President.*                *First National Bank.*
    [STAMP.]        Pay W. T. Coyle Jr., or Bearer, One fifty...........
M. D. PEAK,   Dollars, in current funds.
    *Cashier.*      No. 137.                FRED. HURLBURT.'

" The defendant was convicted, and a motion in arrest was made, based on the following grounds: (1) The check set out in the information is not a bill of exchange, not being for the payment of money. (2) The check does not direct the payment of any particular amount of money, nor of any

money whatever. (3) The check, as drawn, could not deceive any one, nor could any action be sustained on the check without first reforming it. After argument of counsel, the circuit court, deeming the questions involved so important and doubtful as to require the decision of this court — the defendant desiring and consenting thereto, — reported the case under section 8, ch. 180, R. S."

The cause was submitted on the briefs of the *Attorney General* and *J. C. Neville*, District Attorney of Brown county, for the state, and a brief of *Priest & Carter* for the defendant.

For the defense it was insisted, that the instrument offered in evidence was not finished and complete as a bill of exchange (2 Bish. Cr. L., § 562); that it was not payable in money, but was an order for a chattel, not naming it; that at least it did not call for the payment of any particular sum of money, and no action would lie upon it, nor was it calculated to deceive. Various exceptions to the rulings of the court in regard to evidence were also argued.

For the state it was argued, among other things, as follows: 1. The instrument declared on, if not for the payment of money, was for property; either being within our statute. In form it resembled a check, and was calculated to deceive. The word "hundred" will be supplied in the body of the instrument. The figures 150.00, preceded by the dollar mark, in the margin, removed all doubt, and showed that it was intended to be for $150. It called for the payment of a particular amount of money, to wit, one hundred and fifty dollars; if not that, then fifty dollars, rejecting the "one" as surplusage. Arch. Cr. Pr., 864, note. The check was valid, and an action could be sustained upon it. 2. Forgery is the signing by one, without authority, and falsely, with intent to defraud, of the name of another to an instrument which, if genuine, might apparently be of legal efficacy, or the foundation of a legal liability. *State v. Thompson*, 19 Iowa, 299; *State v.*

*Kimball,* 50 Me., 409; *Ames' Case,* 2 id., 365; *Comm. v. Chandler,* Thatcher's Cr. Cas., 187; *Comm. v. Ayer,* 3 Cush., 150; *People v. Krummer,* 4 Parker's Cr. Cas., 217; 2 Pin., 332; 2 Bay (S. C.), 262; 8 Yerg., 151. Uttering a forged instrument is a declaration that it is good, with an intention to pass, or offer to pass it. Whart. Cr. L., 1445. It is enough if it be offered as genuine, or declared or asserted by word or action to be good. *People v. Caton,* 25 Mich., 388. The essence of the crime consists in doing the act with the *intention to defraud;* and it is not necessary that any person should have been in fact defrauded. *State v. Pierce,* 8 Iowa, 231; *People v. Caton, supra.* And it makes no difference that from the manner of executing the forgery, or from the ordinary caution of the person who was to be defrauded, the instrument would not be likely to impose on him. *Comm. v. Stephenson,* 11 Cush., 481. Nor is it necessary to show an intent to defraud any particular person. 2 Arch. Cr. Pr., 842, note; *Olier Case,* id., 805, note; *Dunn Case,* id., 831, and note. The law, however, presumes an intent to defraud the person who would have to pay the instrument. 2 Arch. Cr. Pr., 844; *Comm. v. Stephenson, supra.* Uttering a forged order under a false representation is evidence of the *scienter. Sheppard's Case,* Leach's Crown Cas., 265. 3. National bank notes are money. U. S. R. S., §§ 5172, 5182–3; Story on Bills, 53; 23 Wend., 372. As to current funds, see 8 Barb., 561.

COLE, J. A number of exceptions were taken during the trial to the rulings of the court admitting or excluding evidence; and these exceptions have been argued by counsel on both sides. We suppose, however, that our consideration must be confined to the questions involved in the motion in arrest of judgment, as those are the only ones the circuit court has reported for our decision. And those questions, it will be seen, relate principally to the sufficiency of the information.

The information is framed upon sec. 1, ch. 166, R. S. By that section, the false making, alteration, forging or counter-feiting of any bill of exchange, or order for money or other property, with a fraudulent intent, constitutes forgery. The instrument set out in the information, on its face, is an order directed to a bank to pay the bearer a sum of money in current funds. This is the plain, natural meaning of the instrument. It is said that the check was not payable in money; but was an order for a chattel, without naming it. We do not think this would be the understanding or construction of such an instrument addressed to a bank whose business was receiving and paying out money. (See *Elliot's Case*, 1 Leach's Crown Cas., 175; *The State v. Dourden*, 2 Dev., 443; *Evans v. The State*, 8 Ohio St., 196; *Carberry v. The State*, 11 id., 410.) The check is for the payment of money, or the payment of current funds which pass as money between banks, or between a bank and its customers. The words "personal property," as used in the statute, "include money, goods, chattels, things in action and evidences of debt." Subd. 14, sec. 3, ch. 5, R. S. If the order was for the payment or delivery of things in action or evidences of debt, it would come within the statute. But a person receiving the order would naturally expect, and would have the right to assume, that it was payable in money, or in bank bills which pass for money. The order or check certainly, on its face, professes to be drawn by one who has funds in the bank, which he can control. Under the circumstances, we have no doubt that the false making of such an order, with fraudulent intent, constitutes the crime of forgery under the statute.

It is said that the order does not direct the payment of any particular sum of money, but is indefinite and incomplete. It certainly calls for the payment of fifty dollars. The attorney general argues that the word "hundred" should be supplied in the body of the instrument; that the figures 150.00 preceded by the $ mark, in the margin, authorize and warrant

the insertion of that word. We have some doubt about the correctness of this position; but it is unnecessary to dwell upon it, as the crime is complete as the order now stands. At least the check calls for the payment of fifty dollars, the word " one " being rejected as surplusage.

A still further objection is, that the check, as drawn, would not deceive any one, nor could an action be sustained upon it. This objection has been sufficiently answered by what has been already said on the other points. It seems to us that the check, if genuine, would create a liability. For it is an order upon the bank for the payment of fifty dollars, at least. In *Commonwealth v. White and another*, 11 Cush., 481, it is held that " a person may be convicted of forging a check on a bank, although the counterfeit does not so much resemble the genuine check of the drawer as to be likely to deceive the officers of the bank on which it is drawn." It seems to us that this check was apparently a valid obligation, and had a tendency to defraud.

The case must be certified to the circuit court with these answers to the questions reported, and with the direction that that court proceed in accordance with our decision.

*By the Court.*—It is so ordered.