### *In re* KELLER.

*(District Court, D. Minnesota.* November 20, 1888.)

**1.** EXTRADITION — INTERSTATE — COMMISSION OF CRIME — AFFIDAVIT — EMBEZZLEMENT.
　　Under Rev. St. Wis. § 4418, providing for the punishment of an employe of a private person or corporation who, being intrusted with the care, custody, or possession of property, shall embezzle or fraudulently convert the same, and section 4667 providing that in a prosecution for embezzlement a general allegation of the embezzlement of a sum of money, without the particulars being given, shall be sufficient, an affidavit alleging that defendant, as affiant's employe, had the care, custody, and possession of a named sum of affiant's money, which he embezzled and fraudulently converted to his own use, without affiant's consent, authorizes the governor of another state to which defendant has fled from Wisconsin to grant a warrant for his extradition.

**2.** SAME — AFFIDAVIT — SWORN TO BEFORE MAGISTRATE.
　　An affidavit, laying the venue as "State of Wisconsin, Municipal Court, City and County of Milwaukee," and certified as "Sworn to before me, J. M., Clerk of the Municipal Court," complies with the act of congress providing that an affidavit upon which a requisition may be granted shall be sworn to before "a magistrate."

**3. SAME—AFFIDAVIT.**

Such an affidavit, charging the crime directly and positively, is not vitiated by the conclusion, "as said deponent verily believes."

**4. SAME—FUGITIVE FROM JUSTICE.**

Though a resident of the state where found, if defendant is accused of a crime in another state, of which he has never been a resident, he may be extradited.

On Petition for *Habeas Corpus.*

Petition for *habeas corpus* by Siegmund Keller, who was under the custody of the sheriff of Ramsey county, Minn., by virtue of a warrant issued by the governor. Keller was arrested on a requisition by the governor of Wisconsin, to answer a charge of embezzlement. The affidavit upon which the requisition was made alleged that said Keller, as the servant and employe of A. Blade, Son & Co., "did have the. care, custody, and possession of a certain sum of money, to-wit, the sum of $702.19, of the moneys of said A. Blade, Son & Co., and the said money did then and there and while he was so employed, as aforesaid, feloniously embezzle and fraudulently convert to his own use, without the consent of his said employers, A. Blade, Son & Co., contrary to the statute in such case made and provided, and against the peace and dignity of the state of Wisconsin, as said deponent verily believes, and prays that the said Siegmund Keller may be arrested and dealt with according to law."

*H. L. Williams,* for petitioner.

*J. J. Egan,* Co. Atty., and *James C. Markham,* contra.

NELSON, J., (*orally.*) In the case of Siegmund Keller, before me under a writ of *habeas corpus,* after due consideration, I have arrived at a decision which I am prepared to render this morning. The case arises under sections 5278, 5279, Rev. St. U. S. The case is important in two respects: Important to the prisoner, who is deprived of his liberty for the purpose of being transported out of the jurisdiction of the state of Minnesota. It is important to the state of Wisconsin, seeking to exercise a constitutional right, claiming that the party who is arrested has committed a crime within the jurisdiction of the state of Wisconsin, and has fled from justice, and has sought refuge in a foreign or another jurisdiction. If the governor of the state of Wisconsin has conformed to the laws of congress passed for the purpose of enforcing a constitutional right, no court can become a barrier to the exercise of that right. It is a' duty imposed upon the governor of the state in which the fugitive is found to obey the demands of the executive of the state in which the crime is alleged to have been committed, and, by warrant, arrest the party for the purpose of being delivered up and removed to that state. Section 5278 of the Revised Statutes reads as follows:

"Whenever the executive authority of any state or territory demands any person as a fugitive from justice, of the executive authority of any state or territory to which such person has fled, and produces a copy of an indictment found, or an affidavit made before a magistrate of any state or territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the state

or territory from whence the person so charged has fled, it shall be the duty of the executive authority of the state or territory to which such person has fled to cause him to be arrested and secured, and to cause notice of the arrest to be given to the executive authorities making such demands, or to the agent of such authority, appointed to receive the fugitive, and to cause the fugitive to be delivered to such agent when he shall appear."

There is another provision, in regard to the time when the agent should appear, and the costs and expenses, which are not important in this case.

On the 17th of November, or 16th of November, a petition was presented to me at chambers by the accused, stating that he was illegally deprived of his liberty; that he was held under an illegal warrant, issued by the governor of Minnesota upon a pretended requisition of the governor of Wisconsin, which requisition and accompanying papers are invalid and void under the constitution and laws of the United States, and that said accompanying papers contained matters that are false in fact, and upon which the authority to issue a requisition is based; and that your petitioner is illegally and unlawfully detained, and is not a fugitive from justice. A sheriff of the county of Ramsey, who had charge of the prisoner, made his return to the writ, setting up the warrant of the governor of the state of Wisconsin, and alleging that it was the warrant which he claimed justified him in holding the prisoner. To that return an answer has been made, and a traverse, in which the petitioner avers that the requisition of the governor of the state of Wisconsin was illegally granted by him; and virtually, in substance, that the demand of the governor of Wisconsin upon the governor of the state of Minnesota was not in accordance with the law of the state of Wisconsin prescribing the manner in which the governor of the state of Wisconsin should make a demand for the delivery of prisoners alleged to be fugitives from justice, and charged with the commission of crime in that state. Also that the affidavit which accompanied the requisition of the governor of the state of Wisconsin was not such an affidavit, or made before the person designated by the act of congress, which I have just read to you, (section 5278 of the Revised Statutes;) and also putting in issue the allegation in the warrant that the prisoner is a fugitive from justice, that he has fled from the state of Wisconsin to the state of Minnesota, within the meaning of the act of congress. On the hearing, certain evidence offered before the attorney general of the state of Minnesota, proceeding in conformity with the laws of the state of Minnesota, passed for the purpose of expediting and aiding the delivery of fugitives from justice, and his final decision upon which the governor acted, is read.

Two questions are presented for determination; one a question of law, and the other a question of fact. I will consider the question of law first. An attack is made upon the affidavit which accompanied the papers presented with the requisition or demand to the governor of Minnesota, and it is claimed, in the first place, that this affidavit was not made before a magistrate. The warrant of the governor of the state recited the fact that the requisition had been made by the governor of the state of Wisconsin, based upon the affidavit made before a magistrate, charging that the ac-

cused had committed the crime of embezzlement, specifying that it was embezzlement of money. The affidavit, charging the commission of the crime within the city of Milwaukee, reads as follows:

"*State of Wisconsin, Municipal Court, City and County of Milwaukee:* Alexander I. Blade, being duly sworn, on oath complains to the municipal court of Milwaukee county that Siegmund Keller, on or about the 1st day of October, 1888, at said city of Milwaukee, in said county, was then and there the clerk, servant, and employe of A. Blade, Son & Co., and he, the said Siegmund Keller, not being then and there an apprentice, nor a person under the age of 16 years, and while he was so employed, did [and so forth.] Subscribed and sworn to before me this 7th day of November, 1888. ALEXANDER I. BLADE. JULIUS MEIZELWICH, Clerk of the Municipal Court."

This affidavit is certified, by the governor of the state of Wisconsin, in his requisition, to be an authentic copy. It also has the certificate of the clerk of the municipal court that it is a copy of the original on file in that court. I say an attack has been made upon this affidavit that it is not taken before a magistrate, as prescribed by the act of congress. Upon its face the affidavit appears to have been taken in the municipal court; the oath being administered by the clerk of the court, who, at the bottom, states that fact. The oath was administered in the municipal court by the clerk. The presumption is that it was made before the presiding officer of that court, for, by the supplement to the Revised Statutes of the state of Wisconsin, § 2499, the municipal court of the city and county of Milwaukee as heretofore established is continued. By previous statutes the municipal court was provided for. It was enacted that this court shall be a court of record, and have a clerk; and this was done at the expense of the city of Milwaukee. The municipal court consists of a judge, who shall be elected as provided for in this act, and a clerk of the court. And upon the face of these papers it appears that this affidavit was taken in the municipal court, made before the court, made in presence of the presiding officer or magistrate. "Before" means "in presence of." The oath being administered, as certified to by the clerk of the court, in criminal proceedings for embezzlement in the court by law having cognizance and jurisdiction of such offenses, it seems to me that that attack upon the affidavit must fail.

It is urged, secondly, that the affidavit is insufficient in substance, and does not specify the crime of embezzlement. By the statutes of Wisconsin the crime of embezzlement by an employe of a person,—that is, the fraudulent conversion of money to the use of any person other than the owner,—is punishable. Section 4418 of the Revised Statutes of the state of Wisconsin provides for the punishment, in the first place, of all public officers, agents, or employes of the state or any municipal corporation, telegraph company, bank, or any other corporation, who shall have the possession or custody, by virtue of his office or employment, or shall be intrusted with the safe keeping or investment for payment of any money or fund belonging to or under the control of the state or such municipal corporation or other corporation; and in addition provides that any agent, clerk, attorney, messenger, employe, or servant of

any private person or corporation, with the exception of persons under 16 years of age, and apprentices, who, by virtue of his employment, shall be intrusted with the safe keeping and disbursement, investment or payment of any money, or shall have the care, custody, or possession of, or shall be intrusted with the safe keeping, carrying, sale, or delivery of any goods, wares, merchandise, and so forth, or any other property or thing which is the subject of larceny, belonging to any other person or association, and so forth, if he shall embezzle or fraudulently convey to his own use, or to the use of any other person except the owner thereof, he shall be punished, declared guilty of embezzlement. It is a crime particularly defined by the statutes of the state of Wisconsin. But it is claimed that the affidavit does not specify particularly enough the offense of embezzlement, so as to warrant a commitment by the justice of the peace, even if it was conceded that the allegation in the complaint may be true. That is the extent to which the claim is made. Certainly, if a crime is substantially charged in this affidavit, if the crime of embezzlement or conversion of property to the use of an employe or the use of any other person without the consent of the employer, and fraudulent conversion of that property is alleged, it would seem to be sufficient. Certainly it would be sufficient under the law of the state of Wisconsin, if it was so alleged in an indictment or information; and the same allegation, made in the same form or substance in the affidavit, must be held good. Under section 4667 it is held that "in any prosecution for the offense of embezzling the money, bank-notes, checks, drafts, bills of exchange, or other security for money of any person, by a clerk, agent, or servant of such person, it shall be sufficient to allege, generally, in the indictment or information an embezzlement of money to a certain amount, without specifying any particulars of such embezzlement." So that a general allegation in the language and form of this affidavit, in an indictment or information under the law of the state of Wisconsin, would be a good information and good indictment. A very significant provision is inserted also in section 4742:

"Any statute relating to the form, substance, or amendment of indictments and informations, the statement of the offense therein, and the evidence thereunder, so far as applicable, shall apply to complaints, amendments, proceedings, and trials in criminal cases before justices of the peace."

And by the law creating the municipal court of Milwaukee that court is endowed with all the authority which had been given to justices of the peace in the city of Milwaukee, where any justice was prohibited from exercising criminal jurisdiction in that city; all the criminal jurisdiction being thrown on the municipal court. So it must be conceded, in that respect, the charge or allegation of the offense is certainly within the terms of the section prescribing the form and substance of indictments and averments charging offenses committed.

But it is stated that the complaint is defective under the Wisconsin statutes, for the reason that the verification is only on belief. Ordinarily, a question of pleading is to be determined by the court in which the pleading is made. If it is conceded that this court can construe this plead-

ing and reject it, still I think it is not faulty. It is a statement of a fact which the deponent, in testifying to, verily believes to be true. A man swears to what he believes to be true; and, when he states a fact under oath, he says he verily believes it to be true. I do not think it is faulty on that account. I think this affidavit is sufficient.

The requisition is in due form, and the only other question to be considered is one of fact, which is put in evidence here, that the petitioner is not a fugitive from justice. In other words, that he has committed the crime in the state of Wisconsin, and fled to the state of Minnesota. Before the governor, or at least the attorney general, who is authorized by the laws of the state of Minnesota to examine into allegations of this character when a party is arrested on a requisition from the governor of any other state as a fugitive from justice, there was evidence on that question. The issue was raised in that investigation, and testimony was taken, which appear in the papers certified to, and introduced before me. There was evidence upon that fact before the governor. I think the warrant itself would have been sufficient without any such evidence, so far as this court was concerned, where the governor in his warrant states or certifies that the party is a fugitive from justice. It would raise a *prima facie* case which must be overthrown by the petitioner when he makes that issue before a court on the *habeas corpus*. That is the ruling announced in a case in the supreme court of the United States, (*Roberts v. Reilly*, 116 U. S. 95, 6 Sup. Ct. Rep. 291.)

Now, what was that evidence before the governor? I have read it over carefully,—I have read it over very carefully,—and, if it is correctly reported, it seems to me that there cannot be any question but that there was sufficient evidence before the governor by which he might determine that the petitioner was a resident of the city of Milwaukee, for he speaks of going home every two months; that is, he calls his home, in the connection in which the testimony was given, Milwaukee. He says, however, in that investigation, although he may not have been correctly reported, that St. Paul was his home. He had boarded here. He visited only occasionally the Milwaukee house. But there was evidence also going to show that he had registered at various points,—taken before me here,—registered in the city of St. Paul as "Siegmund Keller, Milwaukee, Wisconsin;" registered in Red Wing and Hastings,—every place that he had been in out of the state of Wisconsin, or even in the state of Wisconsin; and in Milwaukee, he had registered himself as a resident of the city of Milwaukee, in the state of Wisconsin. Now, it seems to me that was certainly sufficient to justify the governor in coming to a conclusion on that question, having determined, as he did, that the petitioner was a fugitive from justice. It is not necessary that I should determine that he was a resident in Wisconsin, and had committed a crime there, and had fled to avoid prosecution. That is not necessary. If it appeared simply that he was charged with a crime committed by him in the state of Wisconsin, and that, when he was sought to be brought to justice for that crime he was found outside of that jurisdiction, and in the state of Minnesota, I think it is sufficient. The supreme court of the United

States holds so. If a citizen of the state of Minnesota should go into the state of Wisconsin, and commit a crime in the state of Wisconsin intentionally, and afterwards, when prosecution was initiated against him, was found in the state of Minnesota, I take it that the state of Wisconsin would be justified in demanding him, and that the governor of Minnesota would send the prisoner back as a fugitive from justice, having committed a crime in another state.' That appears to be this case.

The petitioner admits in his testimony that on the 16th day of September he was in the state of Wisconsin, and in the city of Milwaukee 14 days before the exact date specified in this affidavit. The affidavit charges him with the commission of this crime of embezzlement on or about the 1st day of October. It might have been committed six months before that, or a year before that. The laws of the state of Wisconsin provide that, in regard to crimes of this character, proof can be offered showing that the offense had been committed six months afterwards, within the time alleged in this indictment or affidavit. That is the law of this state. I cannot turn now to the section, but that is the law. And certainly the crime does not outlaw within two years; but, if the prisoner is not taken by surprise, and knows what the charge is, and it is substantially charged in the affidavit, he cannot complain that the person who made the affidavit was not specific in the very day in fixing the time. I think there can be no question—in my own mind there is none, at least—that these papers are conformable to the act of congress, that the obligation imposed upon the governor of the state by these papers and the requisition of the governor of Wisconsin under the act of congress required him to arrest the party for the purpose of delivering him up for removal to the state of Wisconsin. Having come to that determination, the proceedings of *habeas corpus* are discharged, and the petitioner remanded.

NOTE.

An appeal has been taken to the circuit court of the United States