Ex parte MRS. NAN ROGERS.

No. A-6024.    Opinion Filed Jan. 23, 1926.
(242 Pac. 781.)

Parrick & Harley, for plaintiff in error.

The Attorney General, and Smith C. Matson and Houston B. Teehee, Asst. Atty. Gen., for the State.

BESSEY, P. J.  The petitioner, Mrs. Nan Rogers, was held on a rendition warrant issued by the Governor of this state, predicated upon a requisition from the state of Florida, showing or tending to show that the petitioner is a fugitive from justice from the state of Florida, seeking asylum in this state. Pending the delivery of the petitioner to the agent of the state of Florida, she asks to be released on habeas corpus in this court, upon the ground that the requisition was not executed and

authenticated according to law; that the requisition and documents supporting it do not show that an offense against the laws of Florida has been committed by the petitioner; and because the requisition is not supported by a copy of an indictment found or an affidavit made before a magistrate, as provided in U. S. Comp. St. 1901, p. 3597 (U. S. Comp. St. § 10126).

The extradition warrant is supported by an information filed and pending in the criminal court of record of the county of Dade, state of Florida, sufficiently charging the petitioner with the crime of false pretense. The petitioner claims that an information cannot be substituted for an indictment within the meaning of the federal extradition law, supra, and that the extradition process is not supported by an affidavit of a magistrate, within the meaning of the federal statute.

A charge of crime by information has in many cases been held to be a compliance with the federal statute regarding the necessity for "indictments found, or an affidavit made before a magistrate." 11 R. C. L. 743, 112 Am. St. Rep. 135.

In the case In the Matter of Strauss, 197 U. S. 324, 25 S. Ct. 535, 49 L. Ed. 774, Mr. Justice Brewer, speaking for the court, said:

"Under the Constitution each state was left with full control over its criminal procedure. No one could have anticipated what changes any state might make therein, and doubtless the word 'charged' was used in its broad signification to cover any proceeding which a state might see fit to adopt by which a formal accusation was made against an alleged criminal. In the strictest sense of the term a party is charged with crime when an affidavit is filed, alleging the commission of the offense and a warrant is issued for his arrest, and this is true whether a final trial may or may not be had upon such charge. It may be, and is true, that in many of the states some

further proceeding is, in the higher grade of offenses at least, necessary before the party can be put upon trial, and that the proceedings before an examining magistrate are preliminary, and only with a view to the arrest and detention of the alleged criminal; but extradition is a mere proceeding in securing arrest and detention. An extradited defendant is not put on trial upon any writ which is issued for the purposes of extradition, any more than he is upon the warrant which is issued by the justice of the peace directing his arrest."

Portions of the Constitution and the law relating to charges and prosecutions for crime in the criminal courts of record of the state of Florida indicate that the information supporting the extradition process herein was drawn, filed, and is now pending in such court in Dade county, Fla., pursuant to legal modes of procedure in that state.

In an extradition case it is not the duty of the Governor or the courts of this state to inquire into or consider the expediency of the modes of criminal procedure adopted and in force in a sister state, so long as that mode of procedure is within the spirit and terms of the federal Constitution and statutes relating to extradition.

Quoting again from the Strauss Case, supra:

"Why should the state be put to the expense of a grand jury and an indictment before securing possession of the party to be tried? It may be true, as counsel urge, that persons are sometimes wrongfully extradited, particularly in cases like the present; that a creditor may wantonly swear to an affidavit charging a debtor with obtaining goods under false pretenses. But it is also true that a prosecuting officer may either wantonly or ignorantly file an information charging a like offense. But who would doubt that an information, where that is the statutory pleading for purposes of trial, is sufficient to justify an extradition? Such possibilities as these cannot be guarded against. While courts will always

endeavor to see that no such attempted wrong is successful, on the other hand, care must be taken that the process of extradition be not so burdened as to make it practically valueless."

We hold, therefore, that the showing made in support of the extradition process is sufficient. The writ is disallowed, and the petitioner remanded to the custody of the agent of the state of Florida, to be dealt with as the law directs in extradition cases.

DOYLE and EDWARDS, JJ., concur.