Ex PARTE WILLIAM C. DAVIS, Petitioner.—62 S. W. (2d) 1086.

Court en Banc, July 22, 1933.

*Irwin & Bushman* for petitioner.

*Roy McKittrick,* Attorney-General, for respondent.

ELLISON, J.—*Habeas Corpus.* The respondent Walter English, messenger and agent of the State of Wisconsin, holds the petitioner, William C. Davis, under a rendition warrant issued by the Governor of this State in response to a requisition of the Governor of Wisconsin. The requisition states the petitioner stands charged by affidavit with the crime of "forgery and uttering" committed in the County of Milwaukee in Wisconsin.

The petitioner's denial of the respondent's return to our writ alleges the prisoner's detention is illegal because:

(1) the affidavit on which the requisition is based fails on its face to charge a crime under the laws of Wisconsin, is not in due form, and is not authenticated by the proper court officer of the State of Wisconsin;

(2) the petitioner has committed no offense in the State of Wisconsin, was not in the State of Wisconsin on the dates the alleged crimes were committed, and is not, therefore, a fugitive from justice from the State of Wisconsin;

(3) the warrant of rendition issued by the Governor of Missouri does not affirmatively show on its face a recital of the jurisdictional facts necessary to its issuance.

■■ I. The aforesaid denial of the return is not verified by the oath of the petitioner as required by Section 1453, Revised Statutes 1929. Instead, the affidavit is made by his attorney. In this situation the material facts set forth in the return must be taken as true. ['Gugenhine v. Kerk, 326 Mo. 333, 31 S. W. (2d) 1.]. And for this reason we cannot consider the second assignment made in the denial —that the petitioner is not a fugitive from justice—because it raises issue of fact, Keeton v. Gaiser, 331 Mo. 499, 55 S. W. (2d) 302, 304, on which he is concluded. By way of interpolation, however, we will say this ruling does not prejudice the substantial rights of the petitioner. There was substantial evidence pro and con as to whether he is a fugitive from justice. The Governor found he was. In these circumstances we would not be justified in discharging him on that issue unless the evidence were practically conclusive in his favor. [Munsey v. Clough, 196 U. S. 364, 375, 25 Sup. Ct. 282, 49 L. Ed. 515; Keeton v. Gaiser. 331 Mo. 499, 55 S. W. (2d) 1. c. 306.]

But the return sets forth at large, as required by Section 1441, the authority and cause of the petitioner's detention, that is to say,

among other things the Governor's rendition warrant and the affidavit on which the requisition was based. Whether these on their face as a matter of law present a good cause for detention is a question we are required to consider. This was done in the Gugenhine case, supra, and the rule is the same in other jurisdictions. [29 C. J., sec. 188, p. 165.] The first and third assignments in the denial —assailing the affidavit and rendition warrant for legal insufficiency —are, therefore, before us. We proceed to consider them in their order.

II. The first point made is that the complaining affidavit made in Wisconsin, on which the requisition rests, fails to charge the commission of a crime against the laws of that State and is not in due form. It is as follows:

"CRIMINAL COMPLAINT

"STATE OF WISCONSIN, ⎞ SS.   IN THE DISTRICT COURT
"MILWAUKEE COUNTY. ⎠        OF THE COUNTY OF
                                MILWAUKEE

"The State of Wisconsin,           Plaintiff, ⎞
        against                               ⎟
"W. C. Davis,                     Defendant. ⎠

"Ralph Steiner, being first duly sworn, on oath, complains to the District Court of the County of Milwaukee, that W. C. Davis on the 14th day of October, A. D. 1931, in the County of Milwaukee, Wisconsin, did unlawfully, feloniously and falsely, make, alter, forge and counterfeit a certain instrument in writing, commonly known as a bank check, which said instrument in writing is of the tenor, purport and effect following, that is to say:

"  'The M. A. Gedney Company          No. 202
"        'Minneapolis, Minn., Oct. 14, 1931
"  'Pay to the order of J. W. Martin ...................$84.25
"  'Exactly eighty four dollars twenty-five cents ........Dollars
"  'FIRST NATIONAL BANK
"  '17-2 MINNEAPOLIS, Minn.    O. H. Harnsby    Treas.'

"Which said check was indorsed on the back thereof as follows, to-wit: 'J. W. Martin,'
with intent then and there to injure and defraud, contrary to the statute in such case made and provided and against the peace and dignity of the State of Wisconsin.

"And Ralph Steiner, being duly sworn as aforesaid, on oath, further complains that W. C. Davis on the 14th day of October, A. D. 1931, in the said County of Milwaukee, Wisconsin, did have in his possession a certain false, forged, counterfeit and spurious instrument in writing, commonly known as a bank check, which said false, forged, counterfeit and spurious instrument in writing is of the tenor, purport and effect following, that is to say: (check and indorsements here again set out):

"And he, the said W. C. Davis, then and there knowing the same to be false, forged, counterfeit, and spurious, did then and there unlawfully and feloniously utter, publish, pass, tender in payment, sell and barter the same as true, with intent to injure and defraud, contrary to the statute in such case made and provided and against the peace and dignity of the State of Wisconsin, and prays that the said W. C. Davis may be arrested and dealt with according to law.

"RALPH STEINER.

"Subscribed and sworn to before me this
"20th day of November, A. D. 1931.

"JOHN WOLLER,

"Clerk of the District Court."

The statutes of Wisconsin covering the crimes charged are Sections 343.56 and 343.57. Revised Statutes Wisconsin 1929. The specific point made by the petitioner in the oral argument against the sufficiency of the affidavit is that it fails to allege the M. A. Gedney Company, whose check the alleged forged instrument purported to be, was a corporation or other legal entity authorized to issue checks and capable of being defrauded. In support of this contention we are referred to Kelley's Criminal Law and Procedure (4 Ed.), section 798, page 737, and to People v. Peabody, 25 Wend. (N. Y.) 472, therein cited. But an examination of this treatise and decision will show they are discussing the sufficiency of *indictments* charging forgery, not mere informal preliminary complainants. As to the latter the rule in Wisconsin is that only a substantial statement of a criminal offense in the complaint is necessary to give a magistrate jurisdiction upon a preliminary examination, Gordon v. State, 158 Wis. 32, 34, 147 N. W. 998; and in an earlier case it was said, an affidavit to justify the issuing of a criminal warrant must be at least colorable, and show an attempt to set out a criminal offense. [Baldwin v. Hamilton, 3 Wis. 747, 751.]

The petitioner has not cited us to any legal rule in Wisconsin requiring preliminary complaints to contain an allegation such as he contends for here. On the contrary, even with reference to indictments, the text from Judge KELLEY's treatise to which he refers, speaking of the forgery of bank bills, says:

"It would seem on principle that the indictment should conform to the statute by averring the bank to be incorporated under the laws of some particular state. territory or government. But it has been ruled that where the offense is passing the bill, and the intent is to defraud *an individual other than the bank* whose note the counterfeit purports to be, it is not necessary to allege or prove the bank to be incorporated. But, if the intent be to defraud the bank it must be shown to be a corporation or company capable of being defrauded." (Italics ours.)

It is on this last point—where the intent is to defraud *the bank of*

*purported issuance*—that the New York case aforesaid is cited; but in Wisconsin it has been held unnecessary either to plead or prove an intent to injure or defraud any particular individual in forgery cases. [State v. Morton, 8 Wis. 352, 357.] In the instant case the intent may have been to defraud either the person to whom the check was, or was to be, presented, or the bank on which it was drawn, and not the company whose check it purported to be. The gist of the offense is the fraudulent making or forging of the check with fraudulent intent. In State v. Coyle, 41 Wis. 267, 270, the Wisconsin Supreme Court said: "The order or check certainly, on its face, professes to be drawn by one who has funds in the bank, which he can control. Under the circumstances, we have no doubt that the false making of such an order, with fraudulent intent, constitutes the crime of forgery under the statute."

If this be the rule in Wisconsin with respect to indictments, certainly no more rigid rule should be applied in determining the sufficiency of a preliminary complaint. And aside from this, since there is no statute or decision of that State—at least none to which our attention has been called—determining the question, we ought not to deny extradition on a ground such as might be decided the other way by the courts of that jurisdiction, except in a very clear case. As is said in Drew v. Thaw, 235 U. S. 432, 438, 439, 35 Sup. Ct. 137, 138, 59 L. Ed. 302, 307, "the purpose of the writ is not to substitute the judgment of another tribunal upon the facts or the law of the matter to be tried." And in People ex rel. Hayes v. McLaughlin, 247 N. Y. 238, 241, 160 N. E. 357 (certiorari denied, 278 U. S. 599. 49 Sup. Ct. 8, 73 L. Ed. 529): "A grand jury in North Carolina has said that what has been charged against him is there a crime. The Governor has said the same. Unless a reasonable basis for what they say is lacking altogether, unless the indictment is so frivolous or contradictory as to be a presentment of innocence rather than of crime. we do not go beyond the documents when flight is once established. Doubt, if there be any, must be resolved in the demanding State." This was said of an indictment. It has been held a complaint should be scrutinized more strictly because it is made *ex parte* and less carefully prepared and supported by proof. [People ex rel. de Martini v. McLaughlin, 243 N. Y. 417, 419, 153 N. E. 853.] But this cannot mean that on a consideration of what the affidavit does show. the law and possible or probable holdings of the courts of the demanding State should be ignored. This assignment is ruled against the petitioner.

III. The next assignment is that the affidavit "is not authenticated by the proper court officer of the State of Wisconsin." We are not clear as to what is meant by this assignment. Under the Federal statute it is necessary only that the affidavit be authen-

ticated by the Governor of the demanding State, as was done in this case. [Sec. 5278, R. S. U. S. (18 U. S. C. A., sec. 622); Morrison v. Dwyer, 143 Iowa, 502, 121 N. W. 1064.] Judging from the oral argument, what we think is meant is that the affidavit shows on its face it was not "made before a magistrate" as the above statute requires, because it was sworn to before the *clerk* of the district court of Milwaukee County. But it has been held the word "before" in the statute means in the presence of the magistrate, not that he actually must administer the oath. And where, as here, the affidavit is captioned "State of Wisconsin, Milwaukee County, ss. In the District Court of the County of Milwaukee," with the style of the case, and a warrant for the arrest of the accused is issued the same day by the judge of the court, reciting the affiant "has this day complained in writing to the District Court of the County of Milwaukee, on oath," etc., in these circumstances, we say, it is well established that the record sufficiently shows the affidavit was made before a magistrate within the meaning of the Federal statute. [Gugenhine v. Gerk, 326 Mo. l. c. 337, 31 S. W. (2d) l. c. 2 (certiorari denied, 282 U. S. 810, 51 Sup. Ct. 180, 75 L. Ed. 726); In re Keller, 36 Fed. 681, 684.]

■ IV. The third assignment made is that the rendition warrant issued by the Governor of this State fails affirmatively to show on its face a recital of the facts necessary to its issuance. The warrant is as follows:

"STATE OF MISSOURI

"TO THE SHERIFF OR MARSHAL OF ANY COUNTY OR CITY IN THIS STATE.

"WHEREAS, the Governor of the State of Wisconsin has demanded of the Governor of this State, William Charles Davis fugitive from justice from said State; and Whereas, the Governor of Wisconsin has produced to me a copy of an affidavit in said State certified to be authentic, charging said fugitive with having committed the crime of forgery and uttering.

"NOW, THEREFORE, I, GUY B. PARK, Governor of the State of Missouri, do hereby command you to arrest the said William Charles Davis anywhere within the limits of this State, and him secure and deliver to Walter English who is the agent of said State of Wisconsin duly authorized to receive the said fugitive.

"And I do hereby command all Sheriffs, Marshals, Constables and Police Officers to whom this warrant may be shown to aid and assist in the execution of this process. And you will make due return to me on this warrant of your proceeding thereunder.

"IN TESTIMONY WHEREOF," etc.

The case on which the petitioner relies is In re Hagan, 295 Mo. 435, 245 S. W. 336. And the first point made is that the rendition warrant merely recites the Governor of Wisconsin "has demanded

of the Governor of this State William Charles Davis, fugitive from justice from said State," instead of saying Davis was demanded *as* a fugitive from justice. In short, the objection is that the word "as" is omitted after the name of the petitioner and before the word "fugitive." The Hagan decision does generally hold a recital of every jurisdictional fact necessary to the issuance of a rendition warrant must appear on its face. But we do not understand the case to go as far as petitioner contends. The warrant there considered omitted the word "as," and the opinion says (295 Mo. 1. c. 446, 245 S. W. 1. c. 339) : "it is doubtful as to whether or not it recites that petitioner is a 'fugitive from justice' from Kansas." But there was no square holding on this, or that the warrant was bad because it failed to recite the accused was demanded *as* a fugitive. If the case had so held we would be compelled to disagree with it. Where a requisition demands D, a fugitive from justice, the latter words are descriptive and mean D is demanded as a fugitive, or because he is a fugitive. The whole context of the requisition so shows. Furthermore it has been held by the United States Supreme Court the warrant is presumptively good "with or without a recital therein that the person demanded is a fugitive from justice." [Munsey v. Clough, 196 U. S. 364, 372, 25 Sup. Ct. 282, 49 L. Ed. 515.]

V. The other point is that the warrant merely recites the Governor of Wisconsin has produced "a copy of an affidavit in said State" instead of saying a copy of an affidavit *made before a magistrate* in said State. This omission is more serious. The Federal statute, Section 5278, Revised Statutes United States (Sec. 662, U. S. C. A.), requires the production of "a copy of an indictment found or an affidavit made before a magistrate." An affidavit might be made before a notary public or other officer having no magisterial authority. The Hagen case held the rendition warrant there considered was void because it failed to state the Governor of Missouri had before him either an indictment found or an affidavit made before a magistrate. But what the warrant there did recite was that the instrument produced by the demanding Governor was "a copy of a complaint warrant," which the opinion says is a different thing from an affidavit made before a magistrate. Here the warrant recites an affidavit was produced. Is that recital sufficient?

It was held to be good in Collins v. Traeger, 27 Fed. (2d) 842, 844, where the United States Court of Appeals for the Ninth Circuit said :

"Appellant contends that the warrant is void upon its face for want of a recital that the affidavit or verified complaint was made before a magistrate. There is nothing in the statutes prescribing the form or contents of the warrant, and the decided cases exhibit great diversity. For this jurisdiction, however, we think the rule established that such a warrant is aided by the presumption of official regularity, and under that presumption the warrant here is

prima facie valid. Where there is no indictment, an essential condition precedent to the exercise of the power to extradite is an 'affidavit made before a magistrate' of the demanding State. But equally essential is it that the person demanded be a 'fugitive from justice' (continuing and citing the holding in Munsey v. Clough, supra, that a rendition warrant is presumptively good though it omits a recital that the accused was a fugitive from justice)."

Likewise in Hyatt v. Corkran, 188 U. S. 691, 693, 709, 23 Sup. Ct. 456, 47 L. Ed. 657, the rendition warrant of the surrendering Governor recited that the requisition of the demanding Governor was "accompanied by copies of indictment and other documents," etc. The warrant did not say the indictment had been "found" as the Federal statute recites. The Supreme Court of the United States said: "The warrant issued by the Governor was sufficient prima facie to justify the arrest of the relator and his delivery to the agent of the State of Tennessee." Later this case was followed in State ex rel. Marks v. Chase, 95 Fla. 37, 40, 116 So. 21, which expressly held the omission of the word "found" from a rendition warrant did not invalidate it, especially in view of the fact that the indictment was certified by the demanding Governor as authentic—as is the affidavit in this case.

Again in Lacondra v. Hermann, 343 Ill. 608, 612, 175 N. E. 820, the rendition warrant of the Governor of the asylum state recited merely that there had been produced before him "a copy of a complaint and warrant," etc. The holding of the court, which is accurately reflected in the headnote to the opinion, was as follows:

"Although the warrant of the Governor for the arrest of a fugitive does not show that he had before him a copy of an indictment or affidavit before a magistrate of the demanding State charging the fugitive with crime, yet where the sheriff's return to a writ of *habeas corpus* for release of the fugitive after his arrest on the warrant contains copies of the necessary papers to show that the warrant was legally authorized, it must be held that the requisition, the accompanying papers and the warrant are in legal and due form."

In view of these authorities, especially the Federal decisions, we are constrained to hold the rendition warrant in the instant case was valid, or at least prima facie valid. It therefore results that the prisoner must be remanded to the custody of the respondent. All concur.