[Crim. No. 1899. Third Dist. Apr. 20, 1945.]

In re LYLE DAVIS, on Habeas Corpus.

Thos. O'Hara for Petitioner.

Robert W. Kenny, Attorney General, James O. Reavis, Deputy Attorney General, John Quincy Brown, District Attorney (Sacramento), and John B. Heinrich, Assistant District Attorney, for Respondent.

ADAMS, P. J.—Petitioner Lyle Davis was arrested in Sacramento County for extradition, after the issuance of a warrant by the governor of this state upon requisition and demand by the Governor of Iowa. He has petitioned this court for a writ of habeas corpus, contending that his arrest and restraint are illegal and without due process of law in that

the requisition and demand of the Governor of Iowa "is unsupported by copy of an indictment found or an affidavit made before a Magistrate of the State of Iowa charging the petitioner with having committed any crime as required by Section 662 of Title 18, U. S. Codes Annotated."

The writ having issued, respondents, the Sheriffs of Sacramento County, California, and Greene County, Iowa, filed their return, setting up that petitioner was being held under and by virtue of a warrant of arrest issued by the Governor of California, and upon hearing of the matter submitted as exhibits the demand made by the Governor of Iowa with its supporting papers. Included among those papers is an information which recites:

"That the said Lyle Davis, on or about the 22nd day of July, A. D. 1936, in the County of Greene and State of Iowa, did knowingly, wilfully and feloniously while confined in the county jail of Greene County, Iowa, after conviction for a criminal offense, break jail and escape therefrom, contrary to the provisions of Section 13,358 of the 1935 Code of Iowa."

It is signed by the County Attorney of Greene County and sworn to before the clerk of the district court, on December 23, 1936, the verification reciting that affiant has made a full and careful investigation of the facts upon which the charge is based, and that the allegations contained in the information are true, "as I verily believe." Following the verification appears a signed statement of the judge of the district court that being satisfied that the cause should be prosecuted by information, the same is approved.

Section 662 of title 18, U.S.C.A., provides:

"Whenever the executive authority of any State . . . demands any person as a fugitive from justice, of the executive authority of any State . . . to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State . . ., charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State . . . from whence the person so charged has fled, it shall be the duty of the executive authority of the State . . . to which such person has fled to cause him to be arrested and secured, and to cause notice of the arrest to be given to the executive authority making such demand, or to the agent of such authority appointed to receive the fugi-

tive, and to cause the fugitive to be delivered to such agent when he shall appear.''

No indictment has been produced and petitioner contends that the information filed by the district attorney is insufficient to constitute an affidavit made before a magistrate, in that it was verified before the county clerk who is not a magistrate, and that it is based solely upon the ''belief'' of affiant, since it alleges that the allegations of the information ''are true as I verily believe.''

Respondents contend that under the law of Iowa as well as that of California criminal offenses may be prosecuted by information, that under the laws of both states extradition may be ordered on demand supported by an information, and that it is not necessary that a demand be supported by either an indictment or an affidavit sworn to before a magistrate. They also contend that the information is sufficient even as an affidavit, and that, furthermore, the demand is supported by two affidavits made before a magistrate which are in themselves sufficient to support the demand even if the information be disregarded.

■ Section 1548.2 of the California Penal Code provides that a demand for the extradition of a person charged with crime in another state ''shall be accompanied by a copy of an indictment found *or by information* or by a copy of an affidavit made before a magistrate in the demanding State together with a copy of any warrant which was issued thereon; . . . The indictment, *information,* or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that State; and the copy of indictment, *information,* affidavit, judgment of conviction or sentence must be certified as authentic by the executive authority making the demand.'' (Italics ours.)

Chapter 624 of the 1939 Code of Iowa, entitled ''Fugitives from Justice,'' covers the statutory provisions of that state regarding extradition, and section 13,501 found in that chapter provides that a requisition by another state shall be issued only if accompanied ''by sworn evidence that the party charged is a fugitive from justice, and by a duly attested copy of an indictment, preliminary information, or complaint made before a court or magistrate authorized to receive same.''

It thus appears that both California and Iowa authorize extradition on a demand based upon an information filed in the demanding state, and we are called upon to determine whether the provisions of the federal statute are exclusive or whether extradition may be ordered where the charge of crime is made by information where prosecution by information is authorized by the laws of both the demanding and the asylum state.

Petitioner contends that the federal statute covers the whole ground relative to extradition between the several states, and supersedes all state legislation upon the subject. Article IV, section 2, of the Constitution of the United States provides:

"A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime."

It has been held that this constitutional provision is not self-executing (*Roberts* v. *Reilly,* 116 U.S. 80 [6 S.Ct. 291, 29 L.Ed. 544] ; *Innes* v. *Tobin,* 240 U.S. 127 [36 S.Ct. 290, 60 L.Ed. 562]), and that sections 5278 and 5279 Revised Statutes (18 U.S.C. §§ 662, 663) were enacted to give it effect. However, we find nothing either in the constitutional provision or in the federal statute that expressly prohibits states from enacting statutes, such as the provisions of the California and Iowa code sections above-quoted, providing that fugitives from other states may be extradited on demands based upon informations as well as indictments or affidavits made before magistrates. Petitioner relies upon *Prigg* v. *Pennsylvania,* 16 Pet. (U.S.) 539 [10 L.Ed. 1060, 1090-1091] ; *Innes* v. *Tobin, supra; Ex parte Kentucky* v. *Dennison,* 24 How. (U.S.) 66 [16 L.Ed. 717] ; *Roberts* v. *Reilly, supra;* and *Hyatt* v. *New York ex rel. Corkran,* 188 U.S. 691 [23 S.Ct. 456, 47 L.Ed. 657], as holding that the federal statute "covers the whole ground relative to extradition between the several states"; and that it "supersedes all state legislation upon the same subject." We are not convinced that they so hold. In *Innes* v. *Tobin, supra,* Innes, who was a fugitive from the State of Texas, had been taken to that state for trial for murder and acquitted, but was thereafter detained for delivery to an agent of the State of Georgia for removal to that state as a fugitive from its justice. She sought release on habeas

corpus on the ground that she had not fled to Texas but had been taken there against her will, and that the Governor of Texas had no authority under the federal statute to order her extradition to Georgia. The Supreme Court said, pages 133-135 (L.Ed. 565-566):

"To appreciate this question, the proposition relied upon needs to be accurately stated. It is this: The Constitution provides for the rendition to a state of a person who shall have fled from justice and be found in another state; that is, for the surrender by the state in which the fugitive is found. This, it is conceded, would cover the case and sustain the authority exercised, as the accused was a fugitive from the justice of Georgia and was found in Texas. But the proposition insists that the statute is not as broad as the Constitution, since it provides not for the surrender of the fugitive by the state in which he is found, but only for his surrender by the state into which he has fled, thus leaving unprovided for the case of a fugitive from justice who is found in a state, but who has not fled into such state, because brought into such state involuntarily by a requisition from another. And the argument is supported by the contention that, as the statute exercises the power conferred by the Constitution and is exclusive, it occupies the whole field and prohibits all state action even upon a subject for which the statute has not provided, and which therefore in no manner comes within its express terms. But we are of the opinion that the contention rests upon a mistaken premise and unwarrantedly extends the scope of the decided cases upon which it relies. The first, because it erroneously assumes that although the statute leaves a subject with which there was power to deal under the Constitution unprovided for, it therefore took all matters within such unprovided area out of any possible state action. And the second, because, while it is undoubtedly true that in the decided cases relied upon (*Kentucky* v. *Dennison, supra; Roberts* v. *Reilly,* 116 U.S. 80, 29 L.Ed. 544, 6 S.Ct. 291; *Hyatt* v. *New York,* 188 U.S. 691, 47 L.Ed. 657, 23 S.Ct. 456, 12 Am.Crim.Rep. 311) the exclusive character of the legislation embodied in the statute was recognized, those cases, when rightly considered go no further than to establish the exclusion by the statute of all state action from the matters for which the statute expressly or by necessary implication provided.

"No reason is suggested nor have we been able to discover any, to sustain the assumption that the framers of the statute, in not making its provisions exactly coterminous with the power granted by the Constitution, did so for the purpose of leaving the subject, so far as unprovided for, beyond the operation of any legal authority whatever, state or national. On the contrary, when the situation with which the statute dealt is contemplated, the reasonable assumption is that by the omission to extend the statute to the full limits of constitutional power it must have been intended to leave the subjects unprovided for not beyond the pale of all law, but subject to the power which then controlled them,—state authority until it was deemed essential by further legislation to govern them exclusively by national authority."

In an earlier case, *Compton* v. *Alabama*, 214 U.S. 1 [29 S.Ct. 605, 53 L.Ed. 885], also cited by petitioner, the court referring to section 5278, Revised Statutes, said, page 6 (L.Ed. p. 886):

"Undoubtedly, the statute does not make it the duty of a governor to issue a warrant for the arrest of an alleged fugitive from justice unless the executive of the demanding state produces to him either a copy of an indictment against the accused in the demanding state, or an affidavit before a *magistrate* of such state, charging the fugitive with the commission of crime in the state making the demand. It is, we think, equally clear, that the executive of the state in which the fugitive is at the time may decline to honor the requisition of the governor of the demanding state if the latter fails to furnish a copy of an indictment against the accused, or of any affidavit before a magistrate. But, has the executive of the state upon whom the demand is made for the arrest and extradition of the fugitive, the power to issue his warrant of arrest for a crime committed in another state, unless he is furnished with a copy of the required indictment or affidavit? We are of opinion that he has not, so far as any authority in respect to fugitives from justice has been conferred upon him *by the statute of the United States.* The statute, we think, makes it essential to the right to arrest the alleged fugitive under a warrant of the executive of the state where the alleged fugitive is found that such executive be furnished, before issuing his warrant, with a copy of an indictment or an affidavit before a magistrate in the demanding state, and

charging the fugitive with crime committed by him in such state."

That court itself italicized the words shown in italics, and the inference therefrom is that the executive authority of an asylum state might have authority under some statute other than that cited to issue his warrant on a lesser showing.

Also, in *In re Strauss*, 197 U.S. 324 [25 S.Ct. 535, 49 L.Ed. 774], where it was contended that a complaint filed before a committing magistrate who could only charge or hold for trial before another tribunal was not sufficient under the constitutional provision (art. IV, § 2) and Revised Statutes, section 5278, to support a warrant for extradition—that a person against whom such a complaint had been filed, was not "charged," within their meaning, the court said, page 331 (L.Ed. p. 778):

"Under the Constitution each state was left with full control over its criminal procedure. No one could have anticipated what changes any state might make therein, and doubtless the word 'charged' was used in its broad signification, to cover any proceeding which a state might see fit to adopt by which a formal accusation was made against an alleged criminal. In the strictest sense of the term a party is charged with crime when an affidavit is filed, alleging the commission of the offense, and a warrant is issued for his arrest; and this is true whether a final trial may or may not be had upon such charge."

It also said, pages 332-333 (L.Ed. p. 779): "It may be true, as counsel urge, that persons are sometimes wrongfully extradited, particularly in cases like the present; that a creditor may wantonly swear to an affidavit charging a debtor with obtaining goods under false pretenses. But it is also true that a prosecuting officer may either wantonly or ignorantly file an information charging a like offense. But who would doubt that an information, where that is the statutory pleading for purposes of trial, is sufficient to justify an extradition? Such possibilities as these cannot be guarded against. While courts will always endeavor to see that no such attempted wrong is successful, on the other hand care must be taken that the process of extradition be not so burdened as to make it practically valueless. It is but one step in securing the presence of the defendant in the court in which

he may be tried, and in no manner determines the question of guilt.''

While the foregoing is probably dictum it has not been contradicted by that court in any case brought to our attention.

It is said in 22 American Jurisprudence, page 249, that ''the validity of state legislation ancillary to, and in aid of, the act of Congress in regard to interstate extradition is now well established.'' Also, page 250, that ''While it has been declared that state laws cannot make any requirements further than those made by the act of Congress, yet the laws of a state may require the governor to surrender a fugitive on terms less exacting than those imposed by the act of Congress, and also that the states may provide for cases not provided for by the United States.''

Our own Supreme Court, in *In re Tenner,* 20 Cal.2d 670, 677 [128 P.2d 338], said that the validity of legislation in *aid* of the act of Congress concerning extradition is now well established; also that ''since the extradition provision is not for the benefit of the fugitive, an asylum state may require the governor to surrender a fugitive on terms less exacting than those imposed by the act of Congress. (*State ex rel. Treseder* v. *Remann,* 165 Wash. 92 [4 P.2d 866, 78 A.L.R. 412].) As authority to require the return of fugitives originally existed in the states and remains there except as expressly limited by the Constitution, even in the field of federal extradition, the act of Congress is not exclusive of state action which does not come within its express terms. On the contrary, said the Supreme Court of the United States, it must have been intended to leave subjects within the constitutional power and not provided for by that statute subject to the state authority which then controlled them. (*Innes* v. *Tobin, supra.*)''

While there is authority to the contrary, in numerous cases it has been held directly that where, under the law of a state, an information is put upon an equality with an indictment it is sufficient as a basis for extradition. It was so stated in *People* v. *Stockwell,* 135 Mich. 341 [97 N.W. 765], citing Moore on Extradition, section 551, and *In re Hooper,* 52 Wis. 699 [58 N.W. 741]. In the latter case the court said, page 742, that the Constitution of the United States does not prescribe the form in which the ''charge'' must be made, and

that, while the act of Congress speaks of an indictment found or an affidavit made before a magistrate, it did not think that it was intended to exclude a case where the charge was in the form of a criminal information.

In *People* v. *Smith*, 352 Ill. 496 [186 N.E. 159], the court said, page 160 [186 N.E.], quoting from Spear on the Law of Extradition (3d ed.) 363, that an information being in its form and substance similar to an indictment is a charge of crime filed in the office of the clerk of a court by the proper law officer of the government; and where this method is provided for by the laws of a state, an information takes the place of an indictment in respect to the crimes to which it is applicable and serves the same purpose as far as bringing the accused party to trial is concerned; and that a charge of crime in this form, where it is legal according to the laws of a state though not technically an indictment and not mentioned in the law of Congress, comes within the meaning of the law and should be so regarded for the purpose of extradition. *Matter of Strauss, supra,* and other authorities are there cited in support of the foregoing statement of the law. Also see *Ex parte Nash,* 44 F.2d 403; *People* v. *Enright,* 112 Misc. 568 [184 N.Y.S. 248, 250-251], affd. 188 N.Y.S. 945; *Cook* v. *Rodger,* 215 Ind. 500 [20 N.E.2d 933]; *Ex parte Rogers,* 33 Okla.Crim. 82 [242 P. 781]; *Morrison* v. *Dwyer,* 143 Iowa 502 [121 N.W. 1064]; *Ex parte Ryan,* 75 Okla.Crim. 144 [129 P.2d 204, 207].

Section 1548.2 of our Penal Code is not inconsistent with section 2 of article IV of the Constitution of the United States, nor does the federal statute, section 662, title 18, U.S.C.A., purport to exclude legislation by the states in *aid* of the purposes of the constitutional provision, which are not for the benefit of an alleged fugitive, but to secure his presence for trial in the courts of the state where he is charged with crime. And since prosecution by information is authorized by both Iowa and California, and the California statute specifically authorizes the governor of this state to recognize a demand for extradition accompanied by a copy of an information duly authenticated by the governor of the demanding state, we conclude that the contention of petitioner herein, that the record before us is insufficient to justify his extradition, cannot be sustained.

However, even were we to assume that an information merely as such is insufficient, the question would remain whether the information in the instant case can be said to be insufficient to constitute an affidavit made before a magistrate within the language of section 662, title 18, U.S.C.A., *supra.* Petitioner asserts that it is based only upon the "belief" of the county attorney and that an affidavit based upon "information and belief" is insufficient to support a governor's warrant, citing *Ex parte Spears,* 88 Cal. 640 [26 P. 608, 22 Am. St.Rep. 341], and *Ex parte Dimmig,* 74 Cal. 164, 165 [15 P. 619]. Those cases so hold, but in the Spears case it does not appear that the affidavit accompanying the governor's demand for extradition had even been filed in a court, and it recited that affiant "has reason to believe, and does believe . . . that W. A. Spears embezzled, or fraudulently converted to his own use, one car-load of mules," etc. The Dimmig case was not an extradition case; but even there the court said, page 166, citing sections of the Penal Code:

"Under these provisions, a magistrate has no jurisdiction to issue a warrant of arrest without some evidence tending to show the guilt of the party named in the warrant. The original information may be sufficient, though made only upon information and belief, if followed by the deposition of the complainant, or some other witness, stating facts tending to show the guilt of the party charged. Of course, where there was some evidence upon which the magistrate acted, we would not interfere. It may be also true that the original information might be treated as a deposition; and in such view, if it contained positive evidence of facts tending to show guilt, it might be sufficient as a basis for the issuance of a warrant."

In *In re Keller,* 36 F. 681, where an affidavit, as in the case before us, charged a crime directly and positively, it was held that it was not vitiated by the conclusion "as said deponent verily believes." Also in that case, while the oath of the affidavit of the complaint on which demand for extradition was based was administered by the clerk of the municipal court, it was said that upon the face of the papers it appeared that the affidavit was made before the court, in the presence of the presiding magistrate; and that was held a sufficient compliance with the federal statute. That case has not been overruled by any federal court and is cited, though not on this point, in *Pettibone* v. *Nichols,* 203 U.S. 192, 204 [27 S.Ct. 111,

51 L.Ed. 148, 153]. Also, see, *Rice* v. *Ames,* 180 U.S. 371, 375-376 [21 S.Ct. 406, 45 L.Ed. 577, 582], and *Riley* v. *Colpoys,* 85 F.2d 282, 284. In the case before us the charge in the information is made directly and positively that petitioner committed the offense; it is not asserted that it is made upon information and belief. Also petitioner was charged in the regular course of judicial proceedings. The information is headed, "In the District Court of Greene County," and bears the approval of the judge of the district court.

In *Ex parte Davis,* 333 Mo. 262 [62 S.W.2d 1086, 89 A.L.R. 589], it was held that the record sufficiently showed that an affidavit for extradition was made before a magistrate, though sworn to before the clerk of the district court. It was captioned, "In the District Court," etc., and the warrant issued by the judge of the court recited that affiant "has this day complained in writing to the District Court . . . on oath." The court said that "before" in the federal statute meant in the presence of the magistrate, not that he actually administered the oath, citing *Gugenhine* v. *Gerk,* 326 Mo. 333 [31 S.W.2d 1] (cert. den. 282 U.S. 810 [51 S.Ct. 180, 75 L.Ed. 726]), and *In re Keller, supra.*

The language used by the court in *Compton* v. *Alabama, supra,* is pertinent here. It said, page 9 (L.Ed., p. 887):

"When it appears, as it does here, that the affidavit in question was regarded by the executive authority of the respective states concerned as a sufficient basis, in law, for their acting,—the one in making a requisition, the other in issuing a warrant for the arrest of the alleged fugitive,—the judiciary should not interfere, on habeas corpus, and discharge the accused upon technical grounds, and unless it be clear that what was done was in plain contravention of law."

Finally, as is urged by respondents, regardless of other objections by petitioner, it appears from the record that the demand of the governor of Iowa is supported by two sufficient affidavits sworn to before a magistrate, to wit, an affidavit by Harry Upton, now sheriff of Greene County, Iowa, and an affidavit by Edward Farrell, both being subscribed and sworn to before F. H. Cooney, judge of the District Court, 16th Judicial District. Upton's affidavit avers that on July 22, 1936, he was Deputy Sheriff of Greene County, and that at that time Lyle Davis, Roy Ritchie, Harold Gilland and Ed Farrell were confined in the county jail; that he was called to the jail and found that Davis, Ritchie and Gilland

had knocked brick out of the jail wall and left, and that the only remaining prisoner was Farrell. The affidavit of Farrell avers that he was confined in said jail on that date, together with Davis, Ritchie and Gilland, and that the latter three knocked brick out of the wall of the jail, took all the money he had, crawled out of the hole in the wall and left.

By the statutes of Iowa the judge of the district court is a magistrate (1939 Code of Iowa, § 13403), and the foregoing affidavits are made a part of the record accompanying the demand made by the Governor of Iowa, and authenticated by him.

We therefore conclude that the record produced amply supports the demand for petitioner's extradition, and fully justifies the issuance of the warrant by the governor of this state.

Petitioner suggests that he should not be extradited because of the long delay in making the application, but we find no merit in this contention. There is nothing in either the California or Iowa statutes or in the statutes of the United States limiting the time within which such demand shall be made, nor are we cited to any authorities holding that delay in making demand for extradition would justify the release of a petitioner on writ of habeas corpus. The statute of limitations as a defense must be asserted on the trial of the offense with which petitioner is charged. (*Biddinger* v. *Commissioner of Police*, 245 U.S. 128, 135 [38 S.Ct. 41, 62 L.Ed. 193, 199].)

The writ of habeas corpus is discharged and the petitioner remanded.

Peek, J., and Thompson, J., concurred.