DRAGISICK *v.* JUDGE OF RECORDER'S COURT OF THE CITY OF DETROIT.

EXTRADITION—SUFFICIENCY OF COMPLAINT—FEDERAL CONSTITUTION.
  A complaint that may be held bad as a pleading if attacked in direct proceedings may yet be sufficient to charge a person with a crime within the meaning of the Federal Constitution, so where relator was charged with a crime under the laws of Missouri, *held*, sufficient for the purpose of extradition and not in conflict with ·paragraph 2, § 2, Art. 4, of the Constitution of the United States.

Certiorari to recorder's court of the City of Detroit; Jeffries, J. Submitted January 11, 1917. (Docket No. 57.) Decided March 29, 1917.

Petition for writ of habeas corpus by Max Dragisick to secure the release of petitioner from the cus-

tody of the sheriff of Wayne county. From an order denying the petition, petitioner brings certiorari. Affirmed.

*Benjamin & Betzoldt,* for petitioner.

*Alex. J. Groesbeck,* Attorney General, *A. B. Dougherty,* Deputy Attorney General, and *Clare Retan,* Assistant Attorney General, *amici curiæ.*

KUHN, C. J. The relator seeks by this proceeding to review the decision of the judge of the recorder's court for the city of Detroit, denying an application for his discharge from the custody of the sheriff of Wayne county, who holds him by virtue of a warrant issued by the governor of the State of Michigan upon a demand made by the governor of the State of Missouri. The demand is based upon a complaint charging relator with the crime of having obtained money under false pretenses in the State of Missouri. The complaint and warrant set up that Max Dragisick and Steve Lance, on or about August 16, 1915, at the county of Buchanan, State of Missouri, did falsely represent to one Mike Filkowich, that they were the owners of a general merchandise stock at 222 Cherokee street, St. Joseph, and that said merchandise and stock were free from all and any incumbrances, and that they had a right thereto, and could sell and give a good title to said general merchandise, stock, furniture, and fixtures used in connection with said merchandise stock; that said Filkowich, believing said representations and relying thereon, paid to said Lance and Dragisick the sum of $700, and concludes as follows:

"Whereas, in truth and in fact, the said Steve Lance and Max Dragisick did not have a title to the general merchandise, furniture, and fixtures free from incumbrances, and had no right to warrant the stock, furni-

ture, and fixtures free from incumbrances, all of which they, the said Steve Lance and Max Drakisick, then and there well knew."

On the day of his arrest, February 25, 1916, the relator applied for a writ of *habeas corpus*, which was granted by the respondent, and a hearing had the following day. The application was based upon the claim that the complaint and warrant forwarded by the governor of the State of Missouri and upon which the return of the relator was requested, set up no treason, felony, or other crime under the laws of the State of Missouri, as required by paragraph 2, § 2, art. 4, of the Constitution of the United States, which is as follows:

"2. A person charged in any State with treason, felony, or other crime, who shall flee from justice, and be found in another State, shall, on demand of the executive authority of the State from which he fled, be delivered up, to be removed to the State having jurisdiction of the crime."

It was urged that the complaint and warrant were absolutely void and invalid, and that the relator should be discharged. It is the contention of counsel for the relator that the complaint and warrant do not set forth the nature or kind of merchandise, furniture, or fixtures which it is claimed the relator and Steve Lance sold to the complaining witness, Mike Filkowich, and, further, that the complaint and warrant are null and void because they do not state in full the nature of the incumbrance, and that therefore the accused is in no way apprised of the nature and cause of the accusation against him.

In support of these claims the cases of *State* v. *Jones,* 68 Mo. 197, and *State* v. *Stowe,* 132 Mo. 199 (33 S. W. 799), are relied upon. In both of these cases the validity of the complaint was attacked in a direct proceeding. Whether these complaints were

sufficient to charge a crime within the meaning of the Federal Constitution for the purpose of extradition was not before the court in either of the cases cited. The rule has been laid down by the Supreme Court of the United States that, although a complaint may be bad as a pleading and would be so held upon a motion to quash or other direct proceeding attacking the same, still it may be sufficient to charge a person with a crime within the meaning of the Federal Constitution. In the case of *Pierce* v. *Creecy*, 210 U. S. 387 (28 Sup. Ct. 714), the Supreme Court of the United States, speaking through Mr. Justice Moody, said:

"The counsel for the petitioner disclaim the purpose of attacking the indictment as a criminal pleading, appreciating correctly that the point here is not whether the indictment is good enough, over seasonable challenge, to bring the accused to the bar for trial. Counsel concede that they cannot successfully attack the indictment except by showing that it does not charge a crime. The distinction between these two kinds of attack, though narrow, is clear. But it will not do to disclaim the right to attack the indictment as a criminal pleading and then proceed to deny that it constitutes a charge of crime for reasons that are apt only to destroy its validity as a criminal pleading. There must be objections which reach deeper into the indictment than those which would be good against it in the court where it is pending. We are unable to adopt the test suggested by counsel, that an objection, good if taken on arrest of judgment, would be sufficient to show that the indictment is not a charge of crime. Not to speak of the uncertainty of such a test, in view of the varying practice in the different States, there is nothing in principle or authority which supports it. Of course, such a test would be utterly inapplicable to cases of a charge of crime by affidavit, which was held to be within the Constitution. *In the Matter of Strauss,* 197 U. S. 324 [25 Sup. Ct. 535]. The only safe rule is to abandon entirely the standard to which the indictment must conform, judged as a criminal pleading, and consider only whether it shows satisfactorily that the fugitive has been in fact, how-

ever inartificially, charged with crime in the State from which he has fled. *Roberts* v. *Reilly,* 116 U. S. 80, 95 [6 Sup. Ct. 291]; *Pearce* v. *Texas,* 155 U. S. 311, 313 [15 Sup. Ct. 116]; *Hyatt* v. *Corkran,* 188 U. S. 691, 709 [23 Sup. Ct. 456]; *Munsey* v. *Clough,* 196 U. S. 364, 372 [25 Sup. Ct. 282]; *Davis' Case,* 122 Mass. 324; *State* v. *O'Connor,* 38 Minn. 243 [36 N. W. 462]; *State* v. *Goss,* 66 Minn. 291 [68 N. W. 1089]; *Matter of Voorhees,* 32 N. J. Law, 141; *Ex parte Pearce,* 32 Tex. Cr. R. 301 [23 S. W. 15];. *In re Van Sciever,* 42 Neb. 772 [60 N. W. 1037, 47 Am. St. Rep. 730]; *State* v. *Clough,* 71 N. H. 594 [53 Atl. 1086, 67 L. R. A. 946]."

The statute under which the complaint was made, being section 4565 of the Revised Statutes of Missouri for 1909, provides as follows:

"Every person who, with intent to cheat or defraud another, shall designedly, by color of any false token or writing, or by any other false pretense, obtain the signature of any person to any written instrument, or obtain from any person any money, personal property, right in action or other valuable thing or effects whatsoever, and every person who shall, with the intent to cheat and defraud another, agree or contract with such other person, or his agent, clerk or servant, for the purchase of any goods, wares, merchandise or other property whatsoever, to be paid for upon delivery, and shall in pursuance of such intent to cheat and defraud, after obtaining possession of any such property, sell, transfer, secrete or dispose of the same before paying or satisfying the owner or his agent, clerk or servant therefor, shall, upon conviction thereof, be punished by imprisonment in the penitentiary for a term not exceeding seven years."

Tested by the rule laid down by the Federal case above quoted and sustained by the authorities therein cited, that in this proceeding we should only consider whether it satisfactorily appears that the fugitive has been in fact, however inartificially, charged with crime in the State from which he has fled, we are of the opinion that the complaint is sufficient, and that the

objections raised as to the validity of the complaint are all such defects as can only be taken advantage of in an attack upon the complaint as a pleading, and do not affect its sufficiency as charging a crime for the purpose of extradition.

The order of the lower court, refusing to discharge the relator from custody, is therefore affirmed.

STONE, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred. FELLOWS, J., did not sit.