Argued March 18; affirmed April 7, 1942

Ex parte Paulson

## PAULSON *v.* PRATT

(124 P. (2d) 297)

Before KELLY, Chief Justice, and BAILEY, LUSK, RAND, ROSSMAN and BRAND, Associate Justices.

*Herbert B. Galton,* of Portland (Goldstein, Galton & Galton, of Portland, on the brief), for appellant.

*T. B. Handley* and *Dan M. Dibble,* Deputy District Attorneys, both of Portland (James R. Bain, District Attorney, of Portland, on the brief), for respondent.

LUSK, J.   This is a habeas corpus proceeding. The petitioner, Julius Peter Paulson, has appealed from an order of the circuit court discharging the writ and

remanding him to the custody of the respondent, the sheriff of Multnomah county.

The case arises out of a requisition issued by the governor of South Dakota to the governor of Oregon, demanding the rendition of the petitioner as a fugitive from the justice of the state of South Dakota. The governor of this state honored the requisition and issued a warrant of arrest and warrant of rendition, in obedience to which the petitioner was arrested and is held in custody by the respondent.

The petitioner was charged in the state of South Dakota with the crime of disposing of mortgaged property without the written consent of the mortgagee, in a complaint subscribed and sworn to before a justice of the peace of that state, which reads as follows:

"STATE OF SOUTH DAKOTA,)

"County of Union                )ss.

IN JUSTICE COURT
Before O. I. Munson Justice of the Peace, Union County, S. D.

"State of South Dakota)
                                    )
                    v.              )
                                    )
"Julius Peter Paulson )

COMPLAINT
Disposing of Mortgaged Property

"STATE OF SOUTH DAKOTA, County of Union, ss.
"Wesley Larson, being by me duly sworn, on oath complains and charges that the defendant Julius Peter Paulson, at the said County of Union on the 10th day of September, 1941, did then and there, commit the

crime of wilfully selling and disposing of certain personal property which the said Julius Peter Paulson had previously mortgaged and while the lien of his said mortgage remained in force and unsatisfied, without the written consent of the then holder of such mortgage, in this: that at said time and place, the said Julius Peter Paulson did, wilfully and feloniously sell and dispose of certain personal property, to-wit: 89 chickens for the sum of $65.00, which said chickens the said Julius Peter Paulson had previously Mortgaged to the First National Bank of Beresford, South Dakota, during the existence of the lien created by the said mortgage and while said mortgage was in full force and effect and unsatisfied, without the written consent of the said mortgagee, the then owner and holder of the said mortgage; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of South Dakota, and prays that the said defendant may be arrested and dealt with according to law.

"Wesley Larson

"Subscribed and sworn to before me this 24th day of September 1941

"O. I. Munson
"Justice of the Peace,
"Union County, S. D."

Based upon the foregoing the justice of the peace issued a warrant for the arrest of the petitioner.

The complaint is challenged as based upon hearsay and not charging a crime.

Section 2, Art. IV, of the United States Constitution, provides:

"A person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up to be removed to the State having Jurisdiction of the Crime."

Section 5278 of the United States Revised Statutes, enacted by Congress in 1793 (18 U. S. C. A. § 662), prescribes the procedure necessary to put into effect the power conferred by the Constitution, relating to extradition proceedings. It reads:

"Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, it shall be the duty of the executive authority of the State or Territory to which such person has fled to cause him to be arrested and secured, and to cause notice of the arrest to be given to the executive authority making such demand, or to the agent of such authority appointed to receive the fugitive, and to cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within six months from the time of the arrest, the prisoner may be discharged. All costs or expenses incurred in the apprehending, securing, and transmitting such fugitive to the State or Territory making such demand, shall be paid by such State or Territory."

Section 26-2603, 3 O. C. L. A., which is part of the Uniform Criminal Extradition Act of this state, reads:

"No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing and accompanied by a copy of an indictment found or by an information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereon, or by a copy of a judgment of conviction or of a sentence imposed in execution

thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole. The indictment, information or affidavit made before the magistrate substantially must charge the person demanded with having committed a crime under the law of that state; and the copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the executive authority making the demand.''

■ The foundation of all valid extradition proceedings is an indictment or affidavit (in this case the complaint) which conforms to the foregoing provisions. As stated in *Robert v. Reilly*, 116 U. S. 80, 29 L. Ed. 544, 549, 6 S. Ct. 291:

"It must appear therefore, to the Governor of the State to whom such a demand is presented, before he can lawfully comply with it; first that the person demanded is substantially charged with a crime against the laws of the State from whose justice he is alleged to have fled, by an indictment or an affidavit, certified as authentic by the Governor of the State making the demand * * *''

■ This prerequisite, according to the same authority, "is a question of law and is always open upon the face of the papers to judicial inquiry, on an application for a discharge under a writ of habeas corpus.''

The requirement of § 26-2603, 3 O. C. L. A., that the indictment, information or affidavit "substantially must charge the person demanded with having committed a crime under the law of that state", conforms to § 5278, United States Revised Statutes, as construed by the Supreme Court of the United States in *Ex parte Reggel*, 114 U. S. 642, 29 L. Ed. 250, 5 S. Ct. 1148, 5 Am. Crim. Rep. 218; *Munsey v. Clough*, 196 U. S. 364, 49 L.

Ed. 515, 25 S. Ct. 282; *Roberts v. Reilly*, supra; and *Pierce v. Creecy*, 210 U. S. 387, 52 L. Ed. 1113, 28 S. Ct. 714. In the last cited case the court said:

"The only safe rule is to abandon entirely the standard to which the indictment must conform, judged as a criminal pleading, and consider only whether it shows satisfactorily that the fugitive has been in fact, however inartificially, charged with crime in the state from which he has fled." See, *People v. McLaughlin*, 243 N. Y. 417, 153 N. E. 853; and Annotation, 81 A. L. R. 552.

■ Judged by the criterion thus established the affidavit here is clearly sufficient. The statute of South Dakota denouncing the crime charged is § 13.4402 of the South Dakota Code of 1939 (of which we take judicial notice, § 2-503, 1 O. C. L. A.) and so far as here material reads:

"Every mortgagor of personal property who, while the lien of his mortgage remains in force and unsatisfied, wilfully * * * sells, or in any manner disposes of * * * any part of the property covered by such mortgage without the written consent of the then holder of such mortgage * * * shall be guilty of a felony and shall upon conviction be punished, etc."

■ A mere reading of the affidavit discloses that it alleges every element of the crime thus defined. It is substantially in the language of the statute, and in addition states the date and place of the offense, the character of the mortgaged property, the sum for which it was sold, and the name of the holder of the mortgage. The complaint "will not be held insufficient for want of precise or technical accusation", *Ex parte Reggel*, supra. See, *Ex parte Hubbard*, 201 N. C. 472, 160 S. E. 569, 81 A. L. R. 547, 550; *Collins v. Traeger* (CCA) 27 Fed. (2d) 842.

Apart from the charge of hearsay the only criticism of the affidavit is that it should have set forth a copy of the alleged mortgage. Counsel for the petitioner cite the case of *Kansas v. McNaspy*, 58 Kan. 691, 50 P. 895, 38 L. R. A. 756, in which it is held that an information charging forgery, which does not set out the forged instrument or, failing that, give sufficient reason for the omission, is fatally defective. The case is not in point. It was not a habeas corpus proceeding to test the sufficiency of a complaint for extradition, but was an appeal from a judgment of conviction of the crime of forgery. The test of sufficiency in such a case is wholly different from that applicable here.

■ We do not know and it is unnecessary to inquire whether the complaint in the instant case would meet the technical requirements of a criminal pleading under the laws of South Dakota. It is sufficient that the accused was "substantially" charged with crime.

"If more were required it would impose upon courts, in the trial of writs of habeas corpus, the duty of a critical examination of the laws of states with whose jurisprudence and criminal procedure they can have only a general acquaintance. Such a duty would be an intolerable burden, certain to lead to errors in decision, irritable to the just pride of the states, and fruitful of miscarriages of justice. The duty ought not to be assumed unless it is plainly required by the Constitution; and, in our opinion, there is nothing in the letter or in the spirit of that instrument which requires or permits its performance." *Pierce v. Creecy,* supra.

■ We conclude that the omission from the complaint of a copy of the mortgage is not ground for holding that it is not such an affidavit as is required by the statutes governing extradition. See, *Dragisick v. Judge of Recorder's Court,* 195 Mich. 112, 161 N. W. 881.

As stated, the petitioner contends that the complaint is defective because it is necessarily on information and belief.

It has been frequently held that an affidavit on information and belief will not be accepted as sufficient to warrant compliance with a demand for rendition of an alleged fugitive from justice, at least where the sources of information or the grounds of a belief are not stated. *Ex parte Hart*, (CCA) 63 Fed. 249, 259, 28 L. R. A. 801; *U. S. ex rel. McCline v. Meyering*, 75 Fed. (2d) 716, 718; *People ex rel. De Martini v. McLaughlin*, 243 N. Y. 417, 153 N. E. 853; *Ex parte Morgan*, 20 Fed. 298, 307; *Raftery v. Bligh*, 55 Fed. (2d) 189. See, 22 Am. Jur., Extradition, 268, § 28. Such an affidavit is said to be "a charge upon suspicion, and the constitution of the United States and the law of congress are not satisfied with such a charge." *Ex parte Morgan*, supra. In *Ex parte Hart*, supra, which the petitioner cites, the court applied this doctrine to an information filed by a prosecuting attorney of the state of Washington and adjudged it insufficient because verified by the prosecutor on information and belief. A contrary conclusion regarding the sufficiency of an information was reached in *Ex parte Mrs. Nan Rogers*, 33 Okla. Cr. 82, 242 P. 781, 81 A. L. R. 553; *State ex rel. Treseder v. Remann*, 165 Wash. 92, 104, 4 P. (2d) 866, 78 A. L. R. 412; *People v. Enright*, 184 N. Y. S. 248. See, 25 C. J., Extradition, 262, § 24. In Strauss' case, 197 U. S. 324, 25 S. Ct. 535, 49 L. Ed. 774, the supreme court held that an affidavit charging commission of a felony, made before a committing magistrate, was such an affidavit as is contemplated by § 5278, United States Revised Statutes. An argument on behalf of the petitioner, based on a distinction made in the cases between the

preliminary proceedings looking to the arrest and detention of the defendant and those final proceedings upon which the trial is had, was thus answered by Mr. Justice Brewer, speaking for the court:

"But such decisions, instead of making against the use in this constitutional section of the word 'charged' in its broad sense, make in its favor, because, as we have noticed, an extradition is simply one step in securing the arrest and detention of the defendant. And these preliminary proceedings are not completed until the party is brought before the court in which the trial may be had. Why should the state be put to the expense of a grand jury and an indictment before securing possession of the party to be tried? It may be true, as counsel urge, that persons are sometimes wrongfully extradited, particularly in cases like the present; that a creditor may wantonly swear to an affidavit charging a debtor with obtaining goods under false pretenses. But it is also true that a prosecuting officer may either wantonly or ignorantly file an information charging a like offense. But who would doubt that an information, where that is the statutory pleading for purposes of trial, is sufficient to justify an extradition? Such possibilities as these cannot be guarded against. While courts will always endeavor to see that no such attempted wrong is successful, on the other hand care must be taken that the process of extradition be not so burdened as to make it practically valueless. It is but one step in securing the presence of the defendant in the court in which he may be tried, and in no manner determines the question of guilt."

In *Morrison v. Dwyer*, 143 Iowa 502, 504, 121 N. W. 1064, the complaint was sworn to by a county attorney in Nebraska. Removal of the defendant to that state from the state of Iowa was sought. The court said regarding objections to the sufficiency of the complaint:

"A complaint or information, duly sworn to, is such affidavit as is required as the basis of an extra-

dition proceeding, if it is a proper method of charging the commission of the crime in the state where committed * * *

"Appellants contend that a complaint by a county attorney is necessarily on information and belief, and that such an affidavit is not sufficient. But the complaints in these cases were not sworn to as true only on information and belief. The allegations of fact therein are sworn to as true without qualification, and it is not for us to say that the county attorney swore to the truth thereof only on information and belief."

In *Compton v. State*, 152 Ala. 68, 44 So. 685, an affidavit made by a prosecutor alleged that "to the best of his knowledge and belief, said J. D. Compton is guilty of the offense of a misdemeanor in this", following which was a detailed statement of the facts, not on information and belief. The affidavit conformed to the requirements of the law of the demanding state and was held sufficient. On appeal to the Supreme Court of the United States (*Compton v. Alabama*, 214 U. S. 1, 29 S. Ct. 605, 53 L. Ed. 885, 16 Ann. Cas. 1098), the court said that the affidavit was "proper in form and substantially sufficient in its statement of facts".

*People v. Enright*, supra, holds, in an ably written opinion, that an information filed by a prosecuting officer who does not have personal knowledge of the facts is sufficient. An information was said to "resemble an indictment" and to be "tested by the same rules so far as the substantial description of the offense is concerned". The conclusion reached is supported by citation to numerous decisions.

In *Goodale v. Splain*, 42 App. Cas. D. C. 235, where the objection was made that allegations of the affidavit (made by a private individual) were based on

information and belief, though not apparently so, the court said:

"An affidavit in accordance with the criminal procedure of the State is a sufficient charge of an offense against the laws of the State to warrant extradition. Re Strauss, 197 U. S. 324, 331, 49 L. ed. 774, 25 Sup. Ct. Rep. 535.

"The demand for extradition founded on said complaint, and the warrant issued thereon, is in compliance with the law. No objection has in fact been made to its formality. Without analyzing the complaint, it is sufficient to say that it substantially charges the crime; and that is enough."

A like question, that is, that the affidavit was only seemingly of the affiant's own knowledge, was raised in *Tiberg v. Warren*, 192 Fed. 458, decided by the Circuit Court of Appeals for the Ninth Circuit. In an opinion by District Judge Wolverton (a former member of this court) the objection was held not available on appeal, because the petitioner had not chosen "to go into a trial of that fact" in the lower court.

The petitioner places his main reliance on *U. S. ex rel. McCline v. Meyering*, supra. In that case the court held that the affidavit furnished little or no evidence upon which to adjudicate probable cause for the reason that the inherent facts were of such a character that it was improbable that the affiant could have had personal knowledge of them. It was a murder case. Almost two years after the alleged crime the widow of the victim made oath that the petitioner "secretly and in the night concealed himself in ambush at a point close by the road which he knew one George Owen would soon pass, and on said day and at said place and while so concealed and secreted did with a shotgun deliberately, * * * shoot the said George

Owen as the said George Owen passed by said point of ambush'', and killed the victim, etc.

The court said:

"The facts sworn to could only have been known by the affiant if she was personally present and saw the things which she described. She does not say so, nor does she say that she has reasonable ground to believe that the accused did the things which she has sworn he did do. The inherent facts that the accused secretly in the night concealed himself in ambush and from that ambush shot and killed Owen with a shotgun show that in all probability she was not present.''

A somewhat similar situation seems to have been presented in *People ex rel. De Martini v. McLaughlin,* supra, where there were several affidavits (not set forth in the opinion) which, as the court said, ''when read together, are seen to proceed upon information and belief, though one of them, if read alone, suggests a profession of knowledge that is erroneous and unwarranted.'' Because the charges were ''vague, indefinite and general'', and made without specifications of the sources of information or the grounds of belief, and because they omitted ''a basic element of guilt'', it was held that the affidavits failed to charge the commission of a crime. The court said that there was room for argument that any one of these grounds of criticism, standing alone, would be inadequate, but that weighed ''in their cumulative significance'' the affidavits were too defective to be accepted as a basis of extradition.

An affidavit of a private individual, it may be, is not of equal dignity with an information filed by a prosecuting official. The former is to be more closely scrutinized than an indictment to determine if a crime has been charged, *People v. Enright,* supra; *People*

*ex rel. De Martini v. McLaughlin*, supra; annotation, 81 A. L. R. 552, 580; and, perhaps, the same thing holds good as between an affidavit and an information. However, the trend of judicial decision is away from the strict view of *Ex parte Hart*, supra, and the courts should not, by subtle refinement of construction, unnecessarily place obstacles in the way of the attempted removal of an alleged fugitive from justice from one state to another; for, "while a state should take care, within the limits of the law, that the rights of its people are protected against illegal action, the judicial authorities of the Union should equally take care that the provisions of the Constitution be not so narrowly interpreted as to enable offenders against the laws of a state to find a permanent asylum in the territory of another state." *Appleyard v. Massachusetts*, 203 U. S. 222, 27 S. Ct. 122, 51 L. Ed. 161, 163, 7 Ann. Cas. 1073.

■ Perhaps, where it is patent upon the face of an affidavit made by a private individual that the affiant could not, in all probability, have had the personal knowledge of the facts constituting the offense which he professes to have, as in *U. S. ex rel. McCline v. Meyering*, supra, the affidavit should be held insufficient. But, where that does not appear and where the affidavit conforms to the requirements of the law of the state where it is made, the court should not indulge in assumption that the complainant does not know whereof he speaks. The complaint in this case is denominated by the laws of South Dakota "a preliminary information" and is defined as "a verified statement in writing, presented to a magistrate charging one or more persons with the commission of a designated public offense." 2 South Dakota Code of 1939, § 34.1301. It is sufficient in form. *State v. Ritz,*

47 S. D. 73, 196 N. W. 294. The facts therein alleged are not intrinsically of such a nature as that it is improbable that the affiant could have had personal knowledge of them, and in our opinion it measures up in all respects to the provisions of the Constitution and of the federal and state statutes governing extradition.

Other contentions of the petitioner will be briefly noticed.

■ It is said that the petitioner was not granted a reasonable time within which to apply for a writ of habeas corpus as provided by § 26-2610, 3 O. C. L. A. A sufficient answer to this contention is that the circuit court granted twenty-four hours and the petition was filed within the time, and that no attempt has been made by the respondent to take advantage of deficiencies, if there are any, in the pleading. On the contrary, every point made has been met as though it was properly raised. The petitioner, moreover, was liberally treated by the learned circuit judge, for, although the writ was issued on October 22, 1941, the case was not heard until November 3, 1941, having been continued at the request of counsel for the petitioner.

■ It is asserted that the requisition papers are void for lack of authentication. The original requisition signed by the governor of South Dakota has annexed to it a copy of the complaint and other extradition papers and contains this recital: "Whereas it appears from the annexed papers which I certify to be authentic and duly authenticated in accordance with the laws of this state". That is a full compliance with the requirement of § 5278, United States Revised Statutes, that the copy of the indictment or affidavit be "certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged

has fled", and with the like requirement in § 26-2603, 3 O. C. L. A., *State ex rel. Treseder v. Remann*, supra. But the contention, wholly unsupported by proof, is that the governor of this state did not have before him, when he issued his warrants for the arrest and removal of the petitioner, the requisition of the governor of South Dakota and the annexed papers, but duplicate copies of those papers which appear to have accompanied the requisition. The contention is wholly devoid of merit for two reasons: First, the governor of this state recited in the warrant of arrest and the warrant of extradition issued by him that he had received the requisition from the governor of South Dakota and the copy of the complaint attached thereto, "which copy of said complaint is certified to be authentic by the Governor of the aforesaid state", and, in the absence of proof to the contrary, the recital of Governor Sprague will be accepted as controlling in view of the presumption that official duty has been regularly performed. Second, all the evidence, which includes that of Governor Sprague, shows that he had before him and acted upon the requisition from the governor of South Dakota and the papers, including the authenticated copy of the complaint, thereto annexed.

As a part of the contention that the original requisition papers are not authenticated, it is said that these papers were not filed with the secretary of state and that such filing is required by our statute. It is difficult to follow the argument, even though the premise is granted. But there is no such requirement. Section 26-2623, 3 O. C. L. A., provides that when the governor of this state requires the return to this state of a person charged with crime certain of the papers

474

shall be filed in the office of the secretary of state. There is no similar provision regarding extradition papers coming here from the governor of another state.

█ It is asserted that the trial judge erroneously denied a motion of the petitioner to strike the testimony of Assistant Attorney General Wade, the official who advised Governor Sprague as to the legality and regularity of the extradition papers. Mr. Wade was called as a witness by the district attorney upon the issue raised by counsel for the petitioner as to the papers upon which Governor Sprague acted. It was a false issue, and it was wholly unnecessary for the respondent to introduce evidence upon the question. But Mr. Wade's testimony, while superfluous, tended to support the recitals in the warrants issued by Governor Sprague and also to support the latter's testimony. In no view of the matter can it be said that the petitioner was prejudiced by the ruling.

Other contentions even more insubstantial than those just considered have been made. They need not be specifically answered.

██ ██ In this proceeding the guilt or innocence of the petitioner may not be inquired into, § 26-2620, 3 O. C. L. A. Nor can we concern ourselves with the motives of his accusers, *Goodale v. Splain*, supra, nor with the wisdom of the statute of a sister state which the petitioner is charged with transgressing. If the petitioner was charged with crime in South Dakota and is a fugitive from the justice of that state, and that fact is made properly to appear to the governor of this state, it is his duty, under the Constitution and laws of the United States and the statutes of this state, to honor the requisition of the governor of South Dakota, and the court has no power to interfere unless it finds

illegality in the proceedings. We have found none after a painstaking examination of the contentions of counsel and of the entire record. The petitioner, in our opinion, was ''substantially charged with crime'' in the state of South Dakota, and a copy of the affidavit containing the charge has been duly certified as authentic by the governor of South Dakota in the requisition issued by him to the governor of this state for the rendition of the petitioner. No question is made as to the identity of the petitioner. Governor Sprague has issued his warrant of arrest and extradition warrant.

■ The issuance of the warrant by the governor, with or without a recital therein that the person demanded is a fugitive from justice, must be regarded as presumptively right until the legality of the warrant is overcome by contrary proof. *Roberts v. Reilly,* supra; *Munsey v. Clough,* supra; *Hogan v. O'Neill,* 255 U. S. 52, 41 S. Ct. 222, 65 L. Ed. 497; *Illinois ex rel. McNichols v. Pease,* 207 U. S. 100, 28 S. Ct. 58, 52 L. Ed. 121; *State v. Clough,* 71 N. H. 594, 33 Atl. 1086, 67 L. R. A. 946; *State v. Clough,* 72 N. H. 178, 55 Atl. 554, 67 L. R. A. 946; *Raftery v. Bligh,* supra; *Collins v. Traeger,* supra; *Tiberg v. Warren,* supra.

There is no contrary proof, and the judgment of the circuit court must, therefore, be affirmed.