Argued May 4, affirmed May 18, 1966

# FISCO *v.* CLARK
414 P. 2d 331

*James J. Damis,* Portland, argued the cause for appellant. On the brief were Damis and Damis, Portland.

*George M. Joseph,* Portland, Deputy District Attorney, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, GOODWIN, DENECKE, HOLMAN and HAMMOND, Justices.

HAMMOND, J. (Pro Tempore).

The plaintiff is in custody pursuant to a Governor's warrant of extradition, being accused of committing a murder in Louisiana. He seeks to resist his extradition and to obtain his release from the defendant sheriff by a petition for writ of habeas corpus. The

trial court having denied the writ, the plaintiff appeals to this court claiming error in two particulars.

It appears from the trial record that one W. A. Jarmon is alleged to have been murdered in Richland Parish, Louisiana on July 16, 1964. An Assistant District Attorney appeared before a judge of the District Court for Richland Parish, Louisiana and executed an affidavit accusing Lee Fisco of committing the murder. The affidavit prays that a warrant issue for the arrest of Lee Fisco. Such warrant was issued.

■ No issue is raised concerning the regularity of the other extradition documents which brought about the plaintiff's arrest by the sheriff of Multnomah County, Oregon on February 18, 1965, but plaintiff insists that the affidavit which formed the basis for the issuance of the warrant from Louisiana is insufficient to charge him with a capital offense under the Constitution and laws of the demanding state and therefore inadequate to permit Oregon, as the asylum state, to recognize the demand for his extradition under the Uniform Criminal Extradition Act (ORS 147).

Petitioner argues upon his first assignment of error that since the law of Louisiana provides that "no person shall be held to answer for a capital crime unless on a presentment of indictment by a grand jury * * *" [La Const Art 1, Sec 9] and since the crime of which the petitioner is accused is the capital offense of murder, the extradition must be refused by Oregon if the formal accusation is based upon a sworn affidavit. The Oregon Uniform Extradition Act provides in part:

> "No demand for the extradition of a person charged with crime in another state shall be recognized by the Governor unless in writing and accom-

panied by a copy of an * * * affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon * * *. The * * * affidavit * * * must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of * * * [the] affidavit * * * must be authenticated by the executive authority making the demand." ORS 147.030.

■■ The use of an affidavit as a means of charging the commission of a crime is recognized in many jurisdictions and is specifically authorized in Louisiana. La Rev Stat 15:52. It is sufficient for extradition that the accused was "substantially" charged with a crime. An extradition is simply one step in securing the arrest and detention of the defendant. *Ex parte Paulson,* 168 Or 457, 124 P2d 297 (1942). When confronted with a similar problem concerning rendition of a fugitive to Louisiana it was said in *Ex parte Stanley,* (Tex 1964) 377 SW2d 650:

"The Executive Warrant recites, and the demand and supporting documents and testimony of an Assistant District Attorney show that the petitioner stands charged by affidavit before proper authority in Louisiana with the crime of theft committed in that state.

"* * * * *

"The sufficiency of the affidavit is for the Louisiana Courts.

"* * * * *"

■■ Whether a person demanded is substantially charged with a crime against the laws of the demanding state is a question of law to be ascertained from the requisition and papers accompanying it. *Ex parte Paulson,* 168 Or 457, 124 P2d 297, supra; *Audler v. Kriss,* 197 Md 362, 79 A2d 391. It is well established

that in an extradition proceeding, the complaint need not meet the technical requirements of criminal pleading under the laws of the demanding state, but is sufficient if it substantially charges the person demanded with a crime. *Pierce v. Creecy,* 210 US 387, 28 S Ct 714, 52 L Ed 1113. In the language of the *Pierce* case:

"\* \* \* The only safe rule is to abandon entirely the standard to which the indictment must conform, judged as a criminal pleading, and consider only whether it shows satisfactorily that the fugitive has been in fact, however inartificially, charged with crime in the state from which he has fled.

"\* \* \* \* \*

"\* \* \* If more were required it would impose upon courts, in the trial of writs of habeas corpus, the duty of a critical examination of the laws of states with whose jurisprudence and criminal procedure they can have only a general acquaintance. Such a duty would be an intolerable burden, certain to lead to errors in decision, irritable to the just pride of the states, and fruitful of miscarriages of justice. \* \* \*"

*In the Matter of Strauss,* 197 US 324, 25 S Ct 535, 49 L Ed 774, the interpretation to be given to the word "charge" in an extradition proceeding was thoroughly discussed, as follows:

"Under the Constitution each state was left with full control over its criminal procedure. No one could have anticipated what changes any state might make therein, and doubtless the word 'charged' was used in its broad signification, to cover any proceeding which a state might see fit to adopt by which a formal accusation was made against an alleged criminal. In the strictest sense of the term a party is charged with crime when an affidavit is filed, alleging the commission of the offense, and a warrant is issued for his arrest; and

this is true whether a final trial may or may not be had upon such charge. It may be, and is, true, that in many of the states some further proceeding is, in the higher grade of offenses at least, necessary before the party can be put upon trial, and that the proceedings before an examining magistrate are preliminary, and only with a view to the arrest and detention of the alleged criminal; but extradition is a mere proceeding in securing arrest and detention. An extradited defendant is not put on trial upon any writ which is issued for the purposes of extradition, any more than he is upon the warrant which is issued by the justice of the peace directing his arrest.

" * * * * *

" * * * While courts will always endeavor to see that no * * * attempted wrong is successful, on the other hand care must be taken that the process of extradition be not so burdened as to make it practically valueless. * * * Why should the state be put to the expense of a grand jury and an indictment before securing possession of the party to be tried? * * *"

Based upon the above we find no merit in appellant's first assignment of error.

 Plaintiff's second assignment of error stems from his insistence that he could not be a fugitive from Louisiana since he was in Portland at the time of the alleged murder. In support of this claim he produced a number of witnesses whose testimony tended to indicate that Fisco was in Portland, Oregon on July 16, 1964 and for some time before and after that date. However, a witness for the defendant testified that he had seen Fisco in Louisiana on the date in question and the affidavits of two other persons were to like effect.

The plaintiff is indigent and it seems obvious from the record that he does not have the financial ability

to provide for the transportation of his alibi witnesses to Louisiana if he is required to stand trial there for the crime in question. The trial judge observed, "It is the Court's opinion that if the accused is not provided the means to have the following witnesses personally testify in his behalf at his trial in Louisiana [naming them] he will be denied a fair trial." Attempts to secure assurances from Louisiana officials that Fisco's witnesses would be transported to that state at its expense in the event of his trial there were inconclusive. Plaintiff asserts that failure of the demanding state to give the requested assurances amounts to a refusal to pay for the transportation of his witnesses, and based thereon, ascribes as error the failure of the court to allow the writ and discharge him on the grounds that if extradited to Louisiana he will be denied the due process and equal protection guaranteed by the Fourteenth Amendment to the Constitution of the United States.

This court cannot entertain an imputation that the courts of the demanding state would disregard the rights of the accused. *Murray v. Burns,* 48 Hawaii 508, 405 P2d 309 (1965). We follow the rule established by the federal courts that constitutional issues pertaining to the trial of a fugitive on his rendition are not matters for consideration in an extradition habeas corpus proceeding. *Sweeney v. Woodall,* 344 US 86, 73 S Ct 139, 97 L Ed 114.

It being assumed, as this court must, that the demanding state will accord to the plaintiff-appellant herein all rights and privileges to which he is entitled, the order of the trial court dismissing the writ is proper.

Affirmed.